# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 CR 251- 1 through 6 | **DATE** | 4/15/2004 |
| **CASE TITLE** | USA vs. Misiolek, et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] In court hearing and motion hearing held. For the reasons stated in the attached memorandum opinion and order, defendant Misiolek's motion to reconsider and motion to dismiss the indictment are denied. The government's motion to reconsider is also denied. Enter Memorandum Opinion and Order. Time is ordered excluded to 4/26/04 pursuant to 18:3161(h)(8)(A)(B). (X-T).

(11) ■ [For further detail see order attached to the original minute order.]

| X | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 16 2004 | |
| | Notified counsel by telephone. | | date docketed | 90 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 03 CR 0251 |
| v. ) | |
| ) | Judge John W. Darrah |
| PIOTR MISIOLEK, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are a motion to reconsider and a motion to dismiss the indictment filed by Defendant, Piotr Misiolek, and a motion to reconsider filed by the Government. The motions to reconsider relate to the Court's ruling dated January 22, 2004; whereby, the Court granted Defendant's Motion to Quash Arrest and granted in part and denied in part Defendant's Motion to Suppress Evidence.

The factual background of this case is fully detailed in the Court's Memorandum Opinion and Order dated January 22, 2004. Therefore, the Court will not restate the facts.

Misiolek seeks reconsideration of the Court's finding that certain items that were rediscovered in a subsequent legal search were not suppressed pursuant to the independent source doctrine.

Motions for reconsideration serve a limited function of correcting clear errors of law or fact or to present newly discovered evidence which could not have been adduced during the pendency of the underlying motion. *See United States v. Dombrowski*, 1994 WL 577259 (N.D. Ill. Oct. 18, 1994) (*Dombrowski*). Although the Rules of Criminal Procedure make no provisions for a motion to reconsider, the propriety of such motions in a criminal case has been



established. *See Dombrowski*, 1994 WL 577259 at *3.

The Court found that the items that were rediscovered in a subsequent legal search were not suppressed pursuant to the independent source doctrine. The Court found that the Government met its burden of establishing the two-part test used to determine whether the evidence was obtained by independent lawful means. *See United States v. May*, 214 F.3d 900, 906 (7th Cir. 2000). Misiolek presents no evidence that there was a clear error of law or facts and presents no newly discovered evidence. Accordingly, Misiolek's motion to reconsider is denied.

The Government seeks reconsideration of the Court's ruling that the ecstacy pills recovered from Misiolek's residence are suppressed and may not be introduced as evidence.

In its previous Memorandum Opinion and Order, the Court suppressed the pills after finding that the pills were seized from Misiolek's residence following Misiolek's illegal arrest. At the time of the previous motions, the Government conceded that given the timing of the warrantless entry, the timing of the *Miranda* waiver, and the executed consent to search, the post-arrest statements made by the Defendant and the pills recovered during the consent search must be suppressed if the warrantless arrest was found to be unlawful. Now, the Government seeks to have the Court reconsider its previous Order, arguing that the pills recovered from the residence should not be suppressed pursuant to the inevitable discovery doctrine. The Government concedes that it previously failed to present this argument.

The Government's new argument does not constitute a clear error of law or facts, and it fails to present newly discovered evidence. Accordingly, the Government's motion to reconsider is denied. *See Granite State Ins. Co. v. Degerlia*, 925 F.2d 189, 192 n.7 (7th Cir. 1991) (party cannot raise new legal theory in motion to reconsider).

Misiolek also seeks the dismissal of the indictment against him based on the Court's finding that Misiolek's probable cause hearing that did not occur until 5 days after his arrest and 4 days after the second complaint constituted a violation of the standards set forth in *Riverside v. McLaughlin*, 500 U.S. 44 (1991). While the Court found the delay in bringing Misiolek before a magistrate to determine probable cause violated the rule articulated in *McLaughlin*, the Court denied suppressing evidence for this violation because none of the evidence that Misiolek sought to suppress was obtained pursuant to the *McLaughlin* violation.

Now, Misiolek seeks to have the indictment against him dismissed as a sanction for the *McLaughlin* rule violation. Misiolek does not identify any prejudice that arose from the *McLaughlin* rule violation, and this Court previously found that suppression of evidence was not an appropriate sanction because none of the evidence that Misiolek sought to suppress was obtained pursuant to the *McLaughlin* rule violation. Accordingly, dismissal of the indictment is not the appropriate remedy for the *McLaughlin* rule violation. *See United States v. Fullerton*, 187 F.3d 587, 590-92 (6th Cir. 1999) (finding suppression of evidence was not the proper remedy for the *McLaughlin* rule violation – instead – a *Bivens* claim was the possible remedy for a *McLaughlin* rule violation); *see also, Gerstein v. Pugh*, 420 U.S. 103, 119 (1975) (a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause).

For the foregoing reasons, Misiolek's Motion to Reconsider and Motion to Dismiss the Indictment are denied. The Government's Motion to Reconsider is also denied.

Dated: 4-15-04

JOHN W. DARRAH
United States District Judge

3